Curran v. Manhattan Ry. Co., 118 App. Div. 347, 103 N. Y. Supp. 351. I must vote for a reversal.

JENKS, J., concurs.

BROWN v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department.    June 18, 1909.)

CARRIERS (§ 318*)—INJURIES—ACTIONS—SUFFICIENCY OF EVIDENCE.

In an action for personal injuries sustained while alighting from defendant's street car, evidence *held* to sustain a verdict for plaintiff.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1270, 1307–1314; Dec. Dig. § 318.*]

Jenks, J., dissenting.

Appeal from Trial Term, Kings County.

Action by Sadie Brown against the Brooklyn Heights Railroad Company. From a judgment for plaintiff, and an order denying the motion for new trial, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, GAYNOR, and MILLER, JJ.

D. A. Marsh, for appellant.

G. W. Plitt, for respondent.

HIRSCHBERG, P. J.    The plaintiff has recovered a small judgment for damages alleged to have been sustained while alighting from one of the defendant's trolley cars in the borough of Brooklyn. The only point presented by the appellant is that the verdict is against the weight of evidence. The defendant may have produced more witnesses than the plaintiff, but a critical analysis of the testimony demonstrates the fact that the real weight supports the recovery. The accident occurred while the plaintiff was alighting from a car which the conductor had stopped for that purpose. She claims that while she was in the act of alighting the car suddenly started, and she was thrown to the ground. The theory of the defense was that she alighted in safety, that she proceeded on the crosswalk to the sidewalk, and that in the act of stepping up from the gutter to the sidewalk she fell, from some cause undisclosed, and thereby sustained the injuries from which she complains. The only witness who testifies directly to the theory of the defense is the conductor, and he admits that he was not looking at her at the time. On the other hand, several witnesses testified to facts which indicate that the accident occurred at the car and not on the sidewalk, that the plaintiff fell at the place where she alighted, and under circumstances which tend in some degree at least to corroborate her version of the occurrence.

The atmosphere of the case is indicative of an accident occasioned in the act of alighting. The conductor took the names of such of the passengers on the car in order that they might be produced as witnesses. The motorman testified that his attention was called to the

---

accident as soon as it occurred, and that, looking around, he saw the plaintiff on the street with the conductor, and realized that there was something the matter. Two or three witnesses who were passengers testified that their attention was attracted by a "hubbub" outside the car, and that they noticed that a lady had fallen; and an attorney at law, employed by the company and who chanced to be on the car, testified that after the plaintiff had fallen he went to her, gave her his card, and told her that if she had a grievance against the company she should present it to the claim department. He does not say that he went over to the sidewalk to do this, and it would be difficult to imagine his doing so, had the lady fallen on the sidewalk. All this is inconsistent with the claim, asserted by the defendant on the trial, that the accident occurred upon the sidewalk after the plaintiff had safely alighted, and when, in that event, the car would have proceeded without further notice.

The judgment and order should be affirmed. All concur, except JENKS, J., who dissents.